UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Stevon Smith, Sr. and | ) CASE NO. 18-56063-PMB |
| Sonya M Smith, | ) |
| | ) |
| DEBTORS. | ) |

### CHAPTER 13 TRUSTEE'S
### OBJECTION TO CONFIRMATION & MOTION TO DISMISS

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. The Debtors have failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

3. The Debtors have failed to file an Employment Deduction Order.

4. The Trustee requests proof of the electric/gas expense in the amount of $600.00 per month, proof of the transportation expense in the amount of $800.00 per month, proof of the automobile payment for car #1 in the amount of $585.00 per month, and proof of the automobile payment for car # 2 in the amount of $241.00 per month reflected on Debtors' schedules in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

5. Pursuant to testimony at the meeting of creditors, the Debtor/wife has not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtors should provide evidence that the tax returns have been filed for 2017.

6. The Debtors have failed to provide the Trustee with a copy of the 2017 federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

7. Pursuant to information received from the Internal Revenue Service, 2017 tax return has not been provided to the taxing authorities, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8. Pursuant to testimony from the Meeting of Creditors, it appears that the Chapter 13 petition no longer references the current mailing address of the Debtors.

9. The voluntary petition fails to reflect Debtors' complete names: Stevon Demon Smith, Sr. and Sonya Monique Smith.

10. Debtors' Schedule J fails to accurately reflect three dependents in the household, preventing the Chapter 13 Trustee from determining whether the Plan complies with 11 U.S.C. Sections 1325 (a)(3), (a)(6), and/or 1325(b)(1)(B).

11. The monthly deduction for rent is $2,350.00, not $3,500.00, childcare has ended, not $300.00, and the automobile payments are to be paid in the Plan, not $826.00 as reflected on the Schedules, such that Debtors have a total of $2,276.00 in additional disposable income to contribute to the plan in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

12. Based upon a review of the Debtor/husband's payslip, it appears that the Debtor's net monthly income as reflected on Schedule I may be understated. The payslip reflects net monthly income of $2,648.00 and monthly gross income of $3,926.00, while Schedule I reflects net monthly income of $2,239.16 and monthly gross income of $3,400.54. The Debtors' Plan and Schedules should be amended to provide for the contribution of all additional disposable income to the instant Chapter 13 case. 11 U.S.C. Sections 1325(a)(3), 1325 (a)(7), 1325(b)(1)(B).

13. Based upon a review of the Debtor/wife's payslip, it appears that the Debtor's net monthly income as reflected on Schedule I may be understated. The payslip reflects net monthly income of $11,651.00 and monthly gross income of $13,517.00 (based on three jobs), while Schedule I reflects net monthly income of $7,901.00 and monthly gross income of $8,845.00. The Debtors' Plan and Schedules should be amended to provide for the contribution of all additional disposable income to the instant Chapter 13 case. 11 U.S.C. Sections 1325(a)(3), 1325 (a)(7), 1325(b)(1)(B).

14. Debtors propose to pay $200.00 per month for entertainment, which appears to be a luxury item and does not appear to be reasonable and/or necessary for the Debtors' reorganization. The proposal to pay such debt in a composition plan may indicate a lack of good faith in violation of 11 U.S.C. Sections 1325(a)(3) and (a)(7).

15. The Debtors claim an exemption of $1,200.00 for a tax refund pursuant to O.C.G.A. Section 44-13-100(a)(1). The Chapter 13 Trustee objects to the claimed exemption as any recovery may be disposable income required to be contributed to this Chapter 13 Plan and the proposal to retain the funds may indicate a lack of good faith. 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), and 1325(b)(1)(B).

16. Schedule C reflects an exemption of $1,200.00 for Debtor's tax refund and an exemption of $2,150.00 for a security deposit, which are claimed under the wrong section.

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

17. Debtors' Plan proposes to begin payments on a lease arrearage to RWATL, LLC in month 15 of the Plan, a disbursement schedule that may not be fair and equitable to said creditors and interested parties involved in this case. 11 U.S.C. Sections 1322(b)(5) and 1325(a)(3); General Orders 18-2015 and/or 22-2017.

18. The Chapter 13 Plan fails to provide treatment of the filed secured claim of Westconsin Credit Union, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

19. Pursuant to the disposable income calculation on Form B22C, the unsecured pool in the Chapter 13 plan is less than that required by 11 U.S.C. Section 1325(b)(1)(B).

20. The Chapter 13 Plan fails to provide for the surrender of property to RWATL, LLC in violation of 11 U.S.C. Section 1325(a)(5)(C).

21. Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

22. The Chapter 13 Plan fails to treat the scheduled secured claims of U.S. Auto Finance and Westconsin Credit Union, in violation of 11 U.S.C. Sections 1322(a)(2) and/or 1325(a)(5).

23. The Rule 2016(b) Disclosure Statement fails to contain provisions regarding attorney's fees that comply with the specificity requirements of General Orders 18-2015 and/or 22-2017.

24. The Form 122C-1 filed in this case fails to disclose all of the Debtors' income in the six (6) months preceding the filing of this case, in violation of U.S.C. Sections 521(a) and 1325(b). The CMI form erroneously excludes full gross income for both Debtors.

25. The Trustee requests documentation of the expense in the amount of $500.00 for additional public transportation expense on line 15 of the Form 122C-2 in order to determine whether the expense is reasonable and necessary. 11 U.S.C. Sections 707(b)(2)(A)(ii)(I) and/or (II) and/or (IV) and/or (V).

26. On the Statement of Financial Affairs Question Number 7, Debtors list several insider payments to addresses in Wisconsin but no names. Pursuant to Debtors' testimony, the $3,000.00 paid was rent but this does not match the residential lease creditor's address in Schedule G. Debtors should provide complete information on these payments.

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ William A. Bozarth
William A. Bozarth
Attorney for Chapter 13 Trustee
GA Bar No. 940530

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| STEVON SMITH, SR. and | ) | |
| SONYA M SMITH, | ) | CASE NO.: 18-56063-PMB |
| | ) | |
| DEBTORS. | ) | |

18-56063-PMB  **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

DEBTOR(S):
STEVON SMITH, SR.
SONYA M SMITH
3337 FOREST VISTA DR
DACULA, GA 30019-4655

DEBTOR(S) ATTORNEY:
Troy D Refuge
REFUGE Law PLLC
86 Cooper Lake Rd SE
Mableton, GA 30126

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Wednesday, May 30, 2018

/s/ _____
William A. Bozarth
GA Bar No. 940530
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450